WOLD v. THAYER & CHANDLER et al.

(Circuit Court of Appeals, Seventh Circuit. October 2, 1906.)

No. 1,245.

1. PATENTS—ANTICIPATION—AIR-BRUSH.

A patent for an air-brush used for making pictures, in which by a combination device liquid colors are atomized and thrown upon a paper or canvas by a jet of compressed air, was not anticipated by oil burners having concentric oil and steam nozzles; invention being required at least to adapt the principle to use in the different art.

2. SAME—VALIDITY—ESTOPPEL BY ASSIGNMENT.

A patentee who has assigned his patent is estopped to deny its validity.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 183.]

3. SAME—OPERATIVENESS OF DEVICE—IMPERFECTIONS IN DRAWINGS.

The drawings of a patent are not required to be working plans, but are merely illustrative, to be read in connection with the specification and claims, and a patented device will not be held inoperative merely because of imperfections in the drawings in respect to the dimensions or relative position of parts of the mechanism.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, §§ 140, 170, 171½.]

4. SAME—INFRINGEMENT—AIR-BRUSH.

The Burdick patent, No. 474,158, for an air-brush and the Wold patent, No. 555,669, for improvements thereon, held not anticipated, valid, and infringed.

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

For opinion below, see 142 Fed. 776.

Patent No. 474,158, for an air-brush, was issued on May 3, 1892, to appellee Burdick, and he gave an exclusive license to appellees Thayer & Chandler, who since 1893 have been making and selling air-brushes. Appellant Wold from 1893 to 1903 had charge of manufacturing air-brushes for Thayer & Chandler. While so employed Wold made some improvements in the Burdick air-brush, for which patent No. 555,669, March 3, 1896, was issued to him, and was by him assigned to Thayer & Chandler. Since leaving Thayer & Chandler's employment. Wold has set up a business in air-brushes; and the court below found that he was infringing certain claims of each patent.

Burdick patent:

"1. The combination, in air-brushes, of an open receptacle for ink or paint conical at one end and perforated for delivery of the said ink or paint, a valve to close the said perforation and adapted to be operated by hand, a cap covering the conical end of the body and forming an air-space between and perforated in line of said delivery, and means for connecting the said air-space with a source of supply for compressed air, substantially as described.

"2. The combination, in air-brushes, of a receptacle for ink or paint, perforated for delivery thereof, and open to atmospheric pressure from the rear, a finger-valve for the said perforation, and a suction-nozzle forward of the perforation, substantially as described.

"8. The combination, in air-brushes, of a paint-receptacle perforated for delivery, a valve for the perforation, a suction-nozzle forward of the delivery, a connection between the nozzle and compressed-air source, a valve for the said connection, and a finger-lever hung for two movements, substantially as described, whereby the operator's finger may make one movement to control the air-supply and another movement to control the paint-delivery.

"9. The combination, in air-brushes, of a receptacle for paint having a delivery-aperture, a suction-nozzle in front thereof, an air-tube connecting with the nozzle, valves for the delivery-aperture and air-tube, and an operating-

lever fitted to play both longitudinally and transversely to the body and connected with the valves, substantially as described."

Wold patent:

"6. In an air-brush, the combination with a needle. of a tube surrounding the same, an annular opening for the paint being formed between the needle and the tube, a second tube surrounding the first, an annular opening for the air being formed between the two tubes, the end of said first-mentioned tube being extended beyond the end of the second-mentioned tube whereby the annular opening for the paint occupies a position in advance of the annular opening for the air; substantially as described.

"8. In an air-brush, the combination with a needle, of a tube surrounding the needle, means for adjusting the needle to cause the same to project from the tip a greater or less distance, and a cap extending beyond the extreme adjustable position of the needle to prevent the point of the needle from coming in contact with the surface to be painted; substantially as described."

The contentions are that the Burdick patent is void because the device is inoperative, that both patents are void because they were anticipated and were wanting in invention, and that neither patent was infringed.

The record exhibits the following prior patents: 248,579, Curtis; 256,852, Peeler; 285,325, Walkup; 298,138, Walkup; 310.754, Walkup; 311,631, Armstrong; 324,005, Burrell; 345,659, Reichardt; 402,898, Burdick; 426,040, Moore; 434,105, Burdick; 474,157, Burdick; 488,646, Avery; 528,686, Overman & Woolston.

Samuel W. Banning and Thomas A. Banning (Ephraim Banning and Walker Banning, on the brief), for appellant.

Dwight B. Cheever, for appellees.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge, after stating the facts, delivered the opinion of the court.

Burdick was not the first to devise an instrument for blowing pigment upon paper or canvas. In 1881 Curtis made one substantially like the atomizer used for medicinal purposes, with the nozzles for liquid and for air exterior and nearly at right angles to each other. Armstrong in 1885 by an air-nozzle blew paint or ink from the point of a pen, which could be spread to increase the flow. Burdick himself (Nos. 402,898, 434,105 and 474,157) made endeavors along these same lines, but neither form has proved successful. Peeler and Walkup tried a needle reciprocating continuously through a paint receptacle so as to feed at each stroke a little paint in front of an air-jet. Walkup's final device of this kind (No. 310,754) met with some success; but the Burdick brush of the patent in suit seems to have supplanted it completely.

Burdick was the first to make an air-brush on the plan of concentric nozzles; and the primary character of his invention is not to be destroyed by references to patents for oil-burners (Burrell and Moore) in which an oil-nozzle and a steam-nozzle are concentric. Of course, the oil-burners cannot be used in painting pictures. And, if the arts are analogous enough to charge Burdick with notice of the concentric nozzles in oil-burners, nevertheless it required invention to adapt them to co-operate with other elements, not present in the oil-burners, so as to produce Burdick's unquestionably new combination.

The claim that the brush of the Burdick patent is inoperative is founded upon the contentions, first, that the patent must be held to be

limited to a structure in which the air-nozzle is forward of the paint-nozzle; and, second, that no brush of this type can be operative unless the nozzles, in cross-section, are exactly in the same plane.

Nothing in the prior art compels the limitation. So the question is whether Burdick unnecessarily restricted his claims. Whatever may be said of the other claims, we think the first is not obnoxious to the objection. In that the nozzles are described as "a receptacle for paint conical at one end and perforated for the delivery of the paint" and "a cap covering the conical end of the body and forming an air-space between and perforated in line of the said delivery." Nothing is found in the specification that prescribes the absolute or the relative sizes of the orifices; and, of course, the drawings are merely illustrative, not working, plans. If the orifices are of the same size, the air-discharge is in front of the paint-discharge. But it is evident that the orifice in the air-cap could be cut so that the discharges would be in the same plane.

The second contention is based on appellant's testimony. But his theory is upset by the exhibits and by his own acts in connection with the patent he procured. The air-brush is a small implement, and in determining the relative positions of the nozzles microscopes and mi-crometers are used. Thayer & Chandler were merchants of artists' supplies, and they employed appellant as an expert in the art to make air-brushes for them under the Burdick patent, which they had pur-chased. The brushes that were put out under the Burdick patent were very successful. In manufacturing them appellant discovered that, if the orifice in the exterior air-cap was cut back to a point where the paint-discharge was in front of the air-discharge, the brush would work better. He obtained a patent covering that arrangement. By his manufacture under the Burdick patent and by the assignment of his own patent, appellant put himself in a position where he should not be heard to deny the operativeness of the Burdick brush or an interpretation of the Burdick patent which includes all relative posi-tions of the nozzles from any distance of the air-nozzle in front of the paint-nozzle back to a point where they are in the same plane. And, being the assignor, he cannot be permitted to assail the validity of his own patent. Siemens-Halske Electric Co. v. Duncan (C. C. A.) 142 Fed. 157.

Outside of colorable changes, such as reversing movable parts, the claim of noninfringement rests on appellant's insistence that in his brushes the nozzles are always in exactly the same plane, and that this construction is not within either patent. If appellant was uniformly successful in carrying out his declared method, he would infringe only the first claim of the Burdick patent. But the exhibits seem sufficient-ly to prove that sometimes he fails. Thereby he infringes, accord-ing to the direction of his miss, either the other claims of the Burdick patent or the claims of his own.

The decree is affirmed.